UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____x

MIROSLAW HAPANOWICZ on behalf of himself
and all others similarly situated,

                       Plaintiff,

                   -against-

ALEXANDRIA TILE COMPANY, INC., ALY A.
ELSAYED, NASSER MOHAMMED a/k/a
MOHAMMED ELSAYED, TULLY
CONSTRUCTION CO. INC., JUDLAU
CONTRACTING, INC., MEGA CONTRACTING,
INC., CITNALTA CONSTRUCTION CORP., and
ARENA CONSTRUCTION CO., INC.,

                  Defendants.

_____x

Index No.: CV11-0127 (ERK)

DEFENDANT ARENA'S
AMENDED ANSWER
AND CROSS-CLAIM AGAINST
ALEXANDRIA TILE COMPANY,
INC., ALY A. ELSAYED, AND
NASSER MOHAMMED a/k/a
MOHAMMED ELSAYED

Defendant Arena Construction Co., Inc. ("Arena"), by and through its attorneys Bauman Katz & Grill LLP, as and for its Amended Answer to the Amended Complaint ("Complaint") of Plaintiff herein, respectfully alleges as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "1" of the Complaint.

      2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "2" of the Complaint.

      3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "3" of the Complaint.

      4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "4" of the Complaint.

      5.     Denies knowledge or information sufficient to form a belief as to the truth of

the allegations asserted in paragraph "5" of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "6" of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "7" of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "8" of the Complaint, except admits that Arena is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York and admits that Arena has its principal place of business within the State of New York.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "9" of the Complaint, except admits that Arena is a citizen and resident of the State of New York.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "10" of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "11" of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "12" of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "13" of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "14" of the Complaint.

2

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "15" of the Complaint

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "16" of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "17" of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "18" of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "19" of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "20" of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "21" of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "22" of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "23" of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "24" of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "25" of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "26" of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "27" of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "28" of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "29" of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "30" of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "31" of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "32" of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "33" of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "34" of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "35" of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "36" of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of
the allegations asserted in paragraph "37" of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of
the allegations asserted in paragraph "38" of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of
the allegations asserted in paragraph "39" of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of
the allegations asserted in paragraph "40" of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of
the allegations asserted in paragraph "41" of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of
the allegations asserted in paragraph "42" of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of
the allegations asserted in paragraph "43" of the Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of
the allegations asserted in paragraph "44" of the Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of
the allegations asserted in paragraph "45" of the Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth of
the allegations asserted in paragraph "46" of the Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of
the allegations asserted in paragraph "47" of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "48" of the Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "49" of the Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "50" of the Complaint, and respectfully refers the Court to the relevant statute for its true meaning and effect.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "51" of the Complaint, and respectfully refers the Court to the relevant statute for its true meaning and effect.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "52" of the Complaint, and respectfully refers the Court to the relevant statute for its true meaning and effect.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "53" of the Complaint, and respectfully refers the Court to the relevant statute for its true meaning and effect.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "54" of the Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "55" of the Complaint, except denies that Plaintiff was an intended third-party beneficiary of the contract between Arena and various governmental instrumentalities.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "56" of the Complaint, and respectfully refers the Court to the relevant statute and contract for their true meaning and effect.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "57" of the Complaint, except denies that Alexandria Defendants entered into a subcontract with Arena, and respectfully refers the Court to the relevant contract for its true meaning and effect.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "58" of the Complaint, and respectfully refers the Court to the relevant contract for its true meaning and effect.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "59" of the Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "60" of the Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "61" of the Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "62" of the Complaint.

63.     Admits the allegations asserted in paragraph "63" of the Complaint, and respectfully refers the Court to the relevant contract for its true meaning and effect.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "64" of the Complaint, and respectfully refers the Court to the

7

relevant contract for its true meaning and effect.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "65" of the Complaint, except denies that Arena breached its contract with various government instrumentalities and damaged Plaintiffs and others similarly situated, and respectfully refers the Court to the relevant contract for its true meaning and effect.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "66" of the Complaint, and respectfully refers the Court to the relevant statute for its true meaning and effect.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "67" of the Complaint, except denies that Arena is liable to Plaintiff and all others similarly situated for alleged underpayments, and respectfully refers the Court to the relevant statute for its true meaning and effect.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "68" of the Complaint.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "69" of the Complaint.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "70" of the Complaint.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "71" of the Complaint, except denies that Arena instituted a policy not to pay their employees proper regular and overtime wages under the FLSA.

72. Denies knowledge or information sufficient to form a belief as to the truth of

8

the allegations asserted in paragraph "72" of the Complaint, except denies that Arena violated the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "73" of the Complaint.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "74" of the Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "75" of the Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "76" of the Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "77" of the Complaint.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "78" of the Complaint.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "79" of the Complaint, except denies that Arena violated the New York Labor Law and denies that Arena violated the common law of the State of New York.

## ANSWERING THE FIRST CLAIM FOR RELIEF

80.     Arena repeats, reiterates and realleges the answers previously set forth in response to the allegations referred to in paragraphs "1" through "79" of the Complaint as though fully set forth at length herein.

81.     Denies knowledge or information sufficient to form a belief as to the truth of

9

the allegations asserted in paragraph "81" of the Complaint.

82.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "82" of the Complaint.

83.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "83" of the Complaint.

84.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "84" of the Complaint.

85.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "85" of the Complaint.

**ANSWERING THE SECOND CLAIM FOR RELIEF**

86.    Arena repeats, reiterates and realleges the answers previously set forth in response to the allegations referred to in paragraphs "1" through "85" of the Complaint as though fully set forth at length herein.

87.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "87" of the Complaint.

88.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "88" of the Complaint.

**ANSWERING THE THIRD CLAIM FOR RELIEF**

89.    Arena repeats, reiterates and realleges the answers previously set forth in response to the allegations referred to in paragraphs "1" through "88" of the Complaint as though fully set forth at length herein.

90.    Denies knowledge or information sufficient to form a belief as to the truth of

the allegations asserted in paragraph "90" of the Complaint.

91.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "91" of the Complaint.

92.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "92" of the Complaint.

## ANSWERING THE FOURTH CLAIM FOR RELIEF

93.    Arena repeats, reiterates and realleges the answers previously set forth in response to the allegations referred to in paragraphs "1" through "92" of the Complaint as though fully set forth at length herein.

94.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "94" of the Complaint.

95.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "95" of the Complaint.

96.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "96" of the Complaint.

## ANSWERING THE FIFTH CLAIM FOR RELIEF

97.    Arena repeats, reiterates and realleges the answers previously set forth in response to the allegations referred to in paragraphs "1" through "97" of the Complaint as though fully set forth at length herein.

98.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "98" of the Complaint.

99.    Denies knowledge or information sufficient to form a belief as to the truth of

the allegations asserted in paragraph "99" of the Complaint.

100. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "100" of the Complaint.

101. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "101" of the Complaint.

102. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "102" of the Complaint.

103. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "103" of the Complaint.

104. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "104" of the Complaint, and respectfully refers the Court to the relevant statute and contract for their true meaning and effect.

105. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "105" of the Complaint, except denies that Arena breached its contract with the relevant government instrumentalities, and respectfully refers the Court to the relevant contract for its true meaning and effect.

106. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "106" of the Complaint, except denies that Arena is strictly liable for prevailing wages and benefits and denies that Arena is liable to Plaintiff and others similarly situated, and respectfully refers the Court to the relevant statute for its true meaning and effect.

107. Denies knowledge or information sufficient to form a belief as to the truth of

the allegations asserted in paragraph "107" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

108.   Plaintiff's claims are barred by the Statute of Limitations.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

109.   Plaintiff has failed to state a cause of action upon which relief may be

granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

110.   Plaintiff's claims are barred by the doctrines of waiver, laches and estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

111.   Plaintiff's claims are barred by its own culpable conduct.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

112.   Plaintiff has failed to mitigate its damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

113.   Plaintiff's claims are barred because it lacks privity of contract with Arena.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

114.   Arena has met all of its obligations under the relevant contract.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

115.   Class certification is inappropriate because Plaintiff has not sufficiently
established that the potential class is so numerous that joinder of all its members would be
impracticable.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

116.   Class certification is inappropriate because Plaintiff has not established that

13

there are questions of law or fact common to the potential class which predominate over any questions affecting only individual members.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

117.    Class certification is inappropriate because individual issues predominate in this dispute.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

118.    Class certification is inappropriate because the claims and/or defenses of the representative party, Plaintiff herein, are not typical of the claims and/or defenses of the potential class.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

119.    Class certification is inappropriate because the representative party, Plaintiff herein, cannot fairly and adequately protect the interests of the potential class.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

120.    Class certification is inappropriate because a class action is not superior to other available methods for fair and efficient adjudication of this dispute.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

121.    Arena reserves the right to assert any additional defenses which may arise or come to light during the continuing course of discovery.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT ALEXANDRIA TILE COMPANY, INC.

121.    If Plaintiff sustained any damages in the manner set forth in the Complaint through any acts other than its own, such damages were sustained by reason of the activity and primary affirmative acts of omission or commission by the defendant Alexandria Tile Company, Inc.,

14

and/or their agents, servants, and/or employees, without any active or affirmative acts of omission or commission on the part of Arena contributing thereto.

123. By reason of the foregoing, defendant Alexandria Tile Company, Inc. will be liable to Arena pursuant to contractual and common law contribution and indemnification under the doctrines of apportionment, contribution and indemnification for the full amount of any verdict and judgment, or for a proportionate share thereof, that Plaintiff may recover against Arena, including, but not limited to, the costs of investigation and attorneys' fees and disbursements incurred in the defense of this action and the prosecution of this cross-claim.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST
## THE ALEXANDRIA INDIVIDUAL DEFENDANTS

124. If Plaintiff sustained any damages in the manner set forth in the Complaint through any acts other than its own, such damages were sustained by reason of the activity and primary affirmative acts of omission or commission by the defendants Aly A. Elsayed and Nasser Mohammed a/k/a Mohammed ElSayed (the "Alexandria Individual Defendants"), and/or their agents, servants, and/or employees, without any active or affirmative acts of omission or commission on the part of Arena contributing thereto.

125. By reason of the foregoing, if the allegations recited in paragraphs 30-37 of the Complaint are established by Plaintiff, the Alexandria Individual Defendants will be liable to Arena pursuant to contractual and common law contribution and indemnification under the doctrines of apportionment, contribution and indemnification for the full amount of any verdict and judgment, or for a proportionate share thereof, that Plaintiff may recover against Arena, including, but not limited to, the costs of investigation and attorneys' fees and disbursements incurred in the defense of this action and the prosecution of this cross-claim.

15

**WHEREFORE,** Defendant Arena Construction Co., Inc. respectfully demands judgment, as follows:

(A) Dismissing the Complaint to the extent Plaintiff seeks recourse against, or have asserted claims against, Arena;

(B) On the cross-claim for apportionment, contribution and indemnification;

(C) For the costs, disbursements and attorneys' fees incurred herein; and

(D) For such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 5, 2011

<div style="margin-left:40%">

BAUMAN KATZ & GRILL LLP
*Attorneys for Defendant*
*Arena Construction Co., Inc.*

By: _____
Steven Cramer (4997)
28 West 44th Street, Suite 900
New York, New York 10036
(212) 684-0300

</div>

TO:   Robert Wisniewski, Esq.
      Michael Taubenfeld, Esq.
      Robert Wisniewski, P.C.
      *Attorneys for Plaintiff*
      225 Broadway, Suite 1020
      New York, New York 10007

      Michael R. Galina, Esq.
      Rabinowitz & Galina
      *Attorneys for Defendants*
       *Alexandria Tile Company, Inc.,*
       *Aly Elsayed and Nasser Mohammed*
      94 Willis Avenue
      Mineola, New York 11501

Richard H. Wynn, Esq.
*Attorneys for Defendant*
 *Tully Construction Co., Inc.*
127-50 Northern Boulevard
Flushing, New York 11368

Mark A. Rosen, Esq.
Scott A. Levin, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
*Attorneys for Defendant*
 *Judlau Contracting, Inc.*
88 Pine Street, 24th Floor
New York, New York 10005